J-S26045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DALE ALEXANDER CROSBY | : | |
| | : | |
| Appellant | : | No. 739 EDA 2023 |

Appeal from the PCRA Order Entered March 1, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004827-2020

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                     **FILED FEBRUARY 27, 2024**

Dale Alexander Crosby appeals from the order denying his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Appellate counsel has filed a petition to withdraw as counsel and an **Anders**[1] brief in this court, claiming there are no non-frivolous issues for appeal. We grant counsel's petition to withdraw and affirm the order.

In April 2021, Crosby entered a negotiated guilty plea to unlawful restraint and simple assault. **See** 18 Pa.C.S.A. §§ 2902(a)(1) and 2701(a)(1). As part of the plea, the Commonwealth amended the information to reduce a felony strangulation charge to a misdemeanor charge of unlawful restraint, and it *nolle prossed* a felony charge of endangering the welfare of a child. The

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

court sentenced Crosby to 11½ to 23 months' imprisonment and five years' probation, as was negotiated. Crosby did not file a timely notice of appeal.

In July 2021, Crosby filed a *pro se* notice of appeal of an order purportedly entered on June 24, 2021. This Court issued a rule to show cause why the appeal should not be quashed as having been taken from an order that was not entered on the docket. No response to the rule to show cause was filed, and this Court dismissed the appeal.

In August 2021, Crosby filed a *pro se* petition to appeal *nunc pro tunc*. The trial court denied the petition. Crosby appealed, and, in December 2022, this Court remanded, concluding the court erred in failing to treat the petition as a PCRA petition and in failing to appoint counsel.[2] ***Commonwealth v. Crosby***, No. 1951 EDA 2021, 2022 WL 17543912 at *4-*6 (unpublished mem.) (Pa.Super. filed Dec. 9, 2022). On remand, the PCRA court appointed counsel. Counsel filed an amended PCRA petition claiming trial counsel was ineffective for failing to file a direct appeal.

The PCRA court held a hearing. Trial counsel testified that Crosby did not ask him to file a direct appeal within the 30-day time frame. He further testified he would not have expected Crosby to want to file an appeal, because

_____

[2] Crosby filed the notice of appeal of the order denying *nunc pro tunc* relief in September 2021. The PCRA court states that it believes Crosby was attempting to appeal orders entered at a separate docket when he filed the notices of appeal in July and September 2021. Trial Court Opinion, filed Apr. 26, 2023, at 10 n.5 ("Trial Ct. Op."). On the same day that Crosby filed the September notice of appeal, he also filed a second application to file appeal *nunc pro tunc*.

"he got want he wanted," which was a county sentence. N.T., Feb. 27, 2023, at 18-19. Counsel testified that when Crosby eventually asked that he file an appeal, the request was months after the deadline. *Id.* at 17.

Crosby testified at the evidentiary hearing but was unable to provide dates as to when he asked his trial counsel to file an appeal. He stated he communicated with trial counsel by phone and writing, but did not have any of the writings. *Id.* at 10. Crosby testified that he asked trial counsel to file an appeal when they spoke on the phone, but did not provide dates for the phone conversation. He was also unsure whether he spoke with counsel or someone in counsel's office. *Id.*

The PCRA court found trial counsel credible and Crosby not credible. Trial Ct. Op., at 11-12. It denied Crosby's PCRA petition, finding Crosby did not timely request that counsel file a notice of appeal and therefore counsel was not ineffective.

Crosby filed a timely appeal from the PCRA court's order. Crosby's counsel filed an *Anders* brief. We first point out that when counsel seeks to withdraw from the denial of PCRA relief, even on appeal counsel should file a *Turner/Finley* brief, not an *Anders* brief. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). However, we may accept an *Anders* brief in lieu of a *Turner/Finley* brief or letter because an *Anders* brief offers greater protection. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2

(Pa.Super. 2011). If counsel has filed an **Anders** brief instead of a **Turner/Finley** brief, we nonetheless analyze the case under **Turner/Finley**.

We must first consider whether counsel has met the technical requirements of withdrawing under **Turner/Finley**. **See Commonwealth v. Muzzy**, 141 A.3d 509, 510 (Pa.Super. 2016). A **Turner/Finley** brief must: (1) detail the nature and extent of counsel's review; (2) list each issue the petitioner wished to have reviewed; and (3) explain why the petitioner's issues were meritless. **See Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012). Counsel must also petition this Court to withdraw as counsel and "send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising [the] petitioner of the right to proceed *pro se* or by new counsel." **Id.** (quoting **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007)). If counsel has substantially complied with these requirements, we conduct our own independent review to determine if the issues raised are in fact meritless. If they are, we grant counsel's petition to withdraw. **Id.**

Here, counsel stated in his brief that he conducted a conscientious review of the record and researched the applicable law, listed the issue Crosby wished to have reviewed, and explained why he concluded the issue was meritless. Further, counsel filed in this Court a petition to withdraw as counsel and provided documentation that he sent the petition and brief to Crosby and advised Crosby that he had the right to proceed *pro se* or through new,

- 4 -

privately retained counsel. He therefore complied with the technical requirements of **Turner/Finley**.[3]

Counsel raises one issue in the **Anders** brief: "Is . . . Crosby[] entitled to PCRA relief to have his direct appeal rights reinstated[?]" **Anders** Br. at 3.

When reviewing the dismissal of a PCRA petition, we must determine whether the record supports the PCRA court's findings of fact and whether the court's "conclusions of law . . . are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (quoting **Commonwealth v. Colavita**, 993 A.2d 874, 887 (Pa. 2010)).

"[T]o prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Id.** However, "the unjustified failure to file a requested direct appeal is ineffective assistance of counsel *per se* and . . . an appellant need not show that he likely would have succeeded on appeal in order to meet the prejudice prong of the test for ineffectiveness." **Commonwealth v. Bath**, 907 A.2d 619, 622 (Pa.Super. 2006); **see Commonwealth v. Lantzy**, 736 A.2d 564, 571 (Pa. 1999). Therefore, to establish counsel was ineffective for failing to file a direct appeal, the defendant must establish that "he requested an appeal

---

[3] This Court previously denied the petition to withdraw on two occasions. First, we instructed counsel to file a petition to withdraw and send both the petition and brief to Crosby and, second, we instructed counsel to inform Crosby that he had an immediate right to proceed *pro se* or with new counsel. Counsel has now complied with all requirements. Crosby did not file a response in this Court.

and that counsel disregarded that request." **Bath**, 907 A.2d at 622 (quoting **Commonwealth v. Knighten**, 742 A.2d 679, 682 (Pa.Super. 1999)). Further, even if the petitioner did not request an appeal, counsel has a duty "to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal." **Id.** at 623.

The PCRA court credited trial counsel's testimony that Crosby did not request that he file an appeal until after the appeal period had run and that he would not have expected Crosby to want to appeal. It did not credit Crosby's testimony that he asked trial counsel to file a direct appeal before the expiration of the appeal period. Trial Ct Op., at 11. The court therefore found Crosby did not timely request counsel file an appeal and denied the petition. We further point out that counsel had no duty to consult with Crosby about an appeal because counsel did not expect Crosby to want to appeal where he received the negotiated sentence. The record supports the PCRA court's findings, and it did not err as a matter of law in dismissing the PCRA petition. This issue is meritless.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2024